United States District Court
Southern District of Texas
**ENTERED**
June 22, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRUCE WAYNE WALKER, §<br>TDCJ #1303895, §<br> §<br>        Petitioner, §<br> §<br>v. §<br> §  CIVIL ACTION NO. H-20-3501<br>BOBBY LUMPKIN, Director, §<br>Texas Department of Criminal §<br>Justice - Correctional §<br>Institutions Division, §<br> §<br>        Respondent. § | |

### MEMORANDUM OPINION AND ORDER

Bruce Wayne Walker (TDCJ #1303895) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1), seeking relief under 28 U.S.C. § 2254 from an aggravated robbery conviction entered against him in Harris County, Texas. Director Bobby Lumpkin of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ") has answered with Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's MSJ") (Docket Entry No. 32), noting that several of Walker's claims were not properly raised in state court and are unexhausted. Walker has not yet filed a response to the Respondent's MSJ. Instead, he has filed Petitioner's Motion to Suspend/Stay Briefing Deadlines with Brief in Support ("Petitioner's Motion to Stay") (Docket Entry No. 35), asking the court to stay and abate this case under <u>Rhines v. Weber,</u> 125 S. Ct.

1528 (2005), so that he can return to state court and satisfy the exhaustion requirement for federal habeas review. Respondent Lumpkin has not filed a response to Petitioner's Motion to Stay and his time to do so has expired. After considering all of the pleadings and the applicable federal habeas corpus statutes, the court will grant Petitioner's Motion to Stay for the reasons explained below.

## I. Background and Procedural History

A grand jury returned an indictment against Walker on March 24, 2005, charging him with aggravated robbery with a deadly weapon – a firearm.[1] The State's case relied heavily on testimony from Eric Leon and Diana Michelle Dayton, who Leon had been dating before she and two armed men forced Leon into Dayton's car at gunpoint on the night of December 3, 2004, and robbed the pawnshop where Leon had been working as an assistant manager.[2] Dayton was later arrested while in Walker's company in a car that had a suitcase full of stolen jewelry from the pawnshop in the trunk.[3]

---

[1] Indictment in Cause No. 1020979, Docket Entry No. 10-7, p. 7. For purposes of identification all pagination references the page numbers imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2] Court Reporter's Record-Trial on Merits, Vol. 3, Docket Entry No. 10-11, pp. 20, 49-85; Court Reporter's Record-Trial on Merits, Vol. 4, Docket Entry No. 10-12, pp. 10-44.

[3] Court Reporter's Record-Trial on Merits, Vol. 4, Docket Entry No. 10-12, pp. 49-51.

Dayton, who testified under the terms of a plea agreement for reduced charges, told the jury that Walker came up with the idea for the robbery while they were using drugs.[4]

Walker called three witnesses, including his wife and two house guests, who testified that Walker was home on the night of December 3, 2004, when the robbery occurred.[5] Walker's wife acknowledged that Walker knew Dayton and that she had talked to him about selling some jewelry that Dayton had received from her boyfriend, "Eric."[6] Dayton, who was later recalled to the witness stand, acknowledged that she told Walker's wife during a tape-recorded phone call that Walker had nothing to do with the robbery and that Eric Leon had "set the whole thing up[.]"[7] Walker's defense counsel argued that Leon planned the robbery with Dayton, but then got cold feet.[8]

A jury in the 182nd District Court for Harris County found Walker guilty of aggravated robbery as charged in the indictment, which was enhanced for purposes of punishment by two prior felony

---

[4]Court Reporter's Record-Trial on Merits, Vol. 4, Docket Entry No. 10-12, pp. 10-12, 16-19, 28-32.

[5]Court Reporter's Record-Trial on Merits, Vol. 5, Docket Entry No. 10-13, pp. 135-36, 164-66, 175-76.

[6]Id. at 138-39, 142.

[7]Id. at 186-87.

[8]Court Reporter's Record-Trial on Merits, Vol. 3, Docket Entry No. 10-11, pp. 15-17; Court Reporter's Record-Trial on Merits, Vol. 6, Docket Entry No. 10-15, pp. 20-33.

convictions, and sentenced him to 99 years' imprisonment.[9] Walker filed a motion for new trial, arguing that a "material defense witness was kept from court and evidence tending to establish the Defendant's innocence was intentionally [withheld] by the attorney for the State thus preventing its production at trial."[10] The trial court denied the motion over his counsel's "vehement" objection.[11]

On direct appeal Walker's appellate attorney filed a brief under <u>Anders v. California,</u> 87 S. Ct. 1396 (1967) (an "<u>Anders</u> brief"), stating that the record reflected "no reversible error and no grounds on which an appeal [could] be predicated."[12] Walker filed a <u>pro se</u> brief in response, raising the following points of error:

(1) The trial court erred by denying his motion to suppress his arrest and subsequent search that were based on a fraudulent warrant;

(2) the trial court erred by denying his motion for new trial based on prosecutorial misconduct and violations of <u>Brady v. Maryland,</u> 83 S. Ct. 1194 (1963) ("<u>Brady</u> violations");

(3) he was denied a fair trial when the prosecutor introduced inadmissible evidence of his other crimes, acts, or wrongs;

---

[9]Judgment on Plea Before Jury Court/Jury Assessing Punishment, Docket Entry No. 10-7, p. 68.

[10]Motion for New Trial, Docket Entry No. 10-7, p. 76.

[11]Court Reporter's Record-Motion for New Trial, Docket Entry No. 10-8, p. 7.

[12]Brief for Appellant, Bruce Wayne Walker[,] An Analysis of the Appellate Record in Accordance with <u>Anders v. California,</u> [87 S. Ct. 1396] (1967), Docket Entry No. 10-5, p. 4.

-4-

    (4)    he was denied a fair trial when the prosecutor introduced inadmissible character evidence to impeach defense witnesses;

    (5)    he was denied a fair trial when the prosecutor intentionally elicited false testimony from defense witnesses; and

    (6)    he was denied effective assistance of counsel when his appellate attorney failed to raise the preceding five points of error.[13]

Without addressing any of Walker's points of error, the intermediate court of appeals summarily affirmed the conviction and dismissed the appeal as "wholly frivolous" after summarizing trial testimony given primarily by Leon and the detective in charge of investigating the robbery, Officer Colleen Guidry. See Walker v. State, No. 01-05-00519-CR, 2006 WL 1914048, at *1-2 (Tex. App. — Houston [1st Dist.] July 13, 2006).

Walker appealed further by raising the following claims in a Petition for Discretionary Review:

    (1)    the court of appeals erred by failing to address his claim that the trial court abused its discretion when it failed to correct the ruling on his motion to suppress that was based on false testimony and allowed to stand rulings that resulted in placing constitutionally inadmissible evidence before the jury;

    (2)    the court of appeals erred by failing to address the prosecutor's suppression of two material witnesses whose testimony could have exonerated

---

[13]Brief for Appellant, Pro Se, Docket Entry No. 10-4, pp. 29, 37, 46, 50, 54 (setting out points of error 1-5); Supplement for Appellant's Brief, Pro Se, Docket Entry No. 10-3, p. 6 (setting out point of error 6).

>Walker and called into question a prosecution witness's presence at the scene of the robbery.[14]

The Texas Court of Criminal Appeals refused Walker's Petition for Discretionary Review without a written order on December 20, 2006.[15] On October 1, 2007, the United States Supreme Court denied Walker's petition for a writ of certiorari. See Walker v. Texas, 128 S. Ct. 64 (2007).

On September 19, 2008, Walker executed an Application for a Writ of Habeas Corpus Seeking Relief From [a] Final Felony Conviction Under [Texas] Code of Criminal Procedure, Article 11.07 ("State Habeas Application"), raising the following grounds for relief:

(1) the prosecutor committed misconduct by failing to correct false testimony from Houston Police Officer Colleen Guidry during his suppression hearing;

(2) the trial court abused its discretion by failing to correct its ruling at the suppression hearing, which was based on false testimony from Officer Guidry;

(3) the search and seizure of evidence was illegally conducted based on a warrant from Officer Guidry that was based on false statements and lacked probable cause;

(4) the prosecutor violated Brady by failing to disclose material exculpatory evidence showing that Diana Dayton and Eric Leon fabricated evidence against Walker to cover up Leon's theft from the pawn shop;

---

[14]Petition for Discretionary Review, Docket Entry No. 10-6, p. 2.

[15]Official Notice From Court of Criminal Appeals of Texas, Case No. PD-1164-06, Docket Entry No. 10-17, p. 94.

(5) Walker's actual innocence is supported by newly discovered evidence showing that Diana Dayton and Eric Leon conspired to steal from the pawn shop and frame Walker for the offense;

(6) the prosecutor committed misconduct by failing to correct false and misleading testimony from Eric Leon about a "DEA hat" worn by one of the robbers, which belonged to a witness named Keith Drury and not Walker;

(7) he was denied effective assistance of counsel when his trial attorney failed to object to the prosecutor eliciting extraneous unadjudicated offenses involving drug use, drug dealing, and carrying a gun during the guilt/innocence phase of the trial;

(8) he was denied effective assistance of counsel when his trial attorney failed to request an instruction on the burden of proof required before the jury could consider evidence of extraneous unadjudicated offenses or bad acts when deliberating his guilt or innocence;

(9) he was denied effective assistance of counsel when his trial attorney failed to request a limiting instruction for considering evidence of extraneous unadjudicated offenses;

(10) he was denied effective assistance of counsel when his trial attorney failed to object to the prosecutor's improper impeachment of defense witnesses about their drug usage;

(11) the prosecutor committed misconduct by suppressing the identity of a material eyewitness (John Derek Connolly) whose testimony would have exonerated Walker;

(12) he was denied effective assistance of counsel because his trial attorney failed to investigate or interview John Derek Connolly;

(13) he was denied effective assistance of counsel when his trial attorney failed to object to improper jury argument by the prosecutor;

    (14) he was denied effective assistance of counsel when his trial attorney failed to object to victim-impact statements introduced during the guilt/innocence phase of the trial to garner sympathy for Leon;

    (15) he was denied effective assistance of counsel when his trial attorney failed to conduct an adequate investigation of the facts of his case and failed to adequately impeach inconsistencies in Leon and Dayton's testimony;

    (16) he was denied effective assistance of counsel when his appellate attorney failed to research the facts and the law governing his case.[16]

Walker submitted numerous exhibits in support of these claims, including affidavits from his trial counsel, defense counsel for co-defendant Raleigh Hall, John Derek Connolly (who witnessed the offense taking place), another witness named Keith A. Drury, and several other individuals who cast doubt on Dayton's testimony (Tara Gayle Tunstall, Mary MacArthur, Pamala Edwards, and Jose Chavez).[17] He then submitted a motion asking for a stay of the proceedings so that he could file an amended state habeas application.[18]

    The trial court did not rule on Walker's motion for leave to amend. Instead, on October 22, 2008, the trial court signed a

---

[16]State Habeas Application, Docket Entry No. 10-17, pp. 9-83.

[17]Exhibits to State Habeas Application, Docket Entry No. 10-17, pp. 118-28 (Affidavits from Paul Decuir, Jr., Lisa Jones, John Derek Connolly, Keith A. Drury, Tara Gayle Tunstall, Mary MacArthur, Pamala Edwards, and Jose Chavez).

[18]Applicant's Motion for a Stay to File Amendment to Application for Writ of Habeas Corpus 11.07, Docket Entry No. 10-17, pp. 190-92.

proposed Order submitted by the State designating several issues that needed to be resolved in the case, including: (1) whether the State relied on perjured testimony; (2) whether the trial court committed error; (3) whether Walker was subjected to an illegal search and seizure; (4) whether the State violated Brady by withholding evidence; (5) whether Walker was actually innocent; and (6) whether Walker was denied effective assistance of counsel at trial and on direct appeal.[19] The trial court stated that it would resolve these issues "and then enter findings of fact."[20]

After the trial court designated these issues on October 22, 2008, Walker's habeas proceeding sat dormant for many years. Walker contends that he submitted a Motion to Supplement Original Writ of Habeas Corpus 11.07 with an additional claim for relief in November of 2008, which was never acknowledged by the Harris County District Clerk's Office.[21] The record shows that Walker submitted another letter to the trial court in 2011 asking about the status of his case,[22] but there is no record of a response and nothing else was filed in the proceeding until eight years later on February 13,

---

[19]Respondent's Proposed Order Designating Issues, Docket Entry No. 10-17, p. 195.

[20]Id.

[21]Motion to Supplement Original Writ of Habeas Corpus 11.07, Docket Entry No. 35, pp. 44-49.

[22]Letter from Bruce W. Walker to the Court Coordinator for the 182nd District Court for Harris County, Texas, Docket Entry No. 10-17, p. 200.

2019, when the State finally submitted an answer to Walker's State Habeas Application.[23] The State also filed two copies of the same proposed findings of fact and conclusions of law recommending that relief be denied.[24] Neither copy was ever signed by the trial court.[25] On July 13, 2020, the Harris County District Clerk's Office forwarded Walker's State Habeas Application to the Texas Court of Criminal Appeals without findings of fact, conclusions of law, or a recommendation from the judge assigned to Walker's post-conviction proceeding.[26]

While his State Habeas Application was pending before the Texas Court of Criminal Appeals, Walker filed his pending federal Petition on October 1, 2020.[27] He raises the following grounds for relief under 28 U.S.C. § 2254, which differ from the claims he raised in state court:

(1) he was denied due process and the right to meaningfully challenge his conviction due to "intolerable delay" in ruling on his State Habeas Application;

---

[23]State's Original Answer, Docket Entry No. 10-17, pp. 202-21.

[24]State's Proposed Findings of Fact, Conclusions of Law and Order, Docket Entry No. 10-17, pp. 225-42 (copy one filed February 13, 2019); pp. 243-60 (copy two filed August 28, 2019).

[25]See id. at 241, 259.

[26]In the Court of Appeals of Texas Clerk's Summary Sheet for Postconviction Applications for Writs of Habeas Corpus Under Code of Criminal Procedure, Articles 11.07 and 11.071, Docket Entry No. 10-17, p. 1.

[27]Petition, Docket Entry No. 1, p. 10 (certifying that Walker placed his Petition in the prison mail system on October 1, 2020).

(2) the trial court abused its discretion by failing to correct its ruling on his motion to suppress evidence after discovering that Officer Guidry gave false testimony during the suppression hearing;

(3) the prosecutor engaged in misconduct by knowingly eliciting or failing to correct false testimony from Officer Guidry about whether officers illegally seized evidence from Walker's property following a warrantless search;

(4) the prosecutor committed misconduct by knowingly eliciting "false testimony to improperly impeach crucial defense evidence" in the form of a recorded phone conversation in which Diana Dayton reportedly said that her boyfriend Eric Leon, not Walker, robbed the pawn shop and that Walker's only role was to help Dayton sell some of the stolen goods;

(5) the prosecutor violated Brady by failing to disclose the identity of an eye-witness, John Connolly, who subsequently provided an affidavit stating that he was in the pawn shop at the time of the robbery, that Walker was not one of the men he saw there, and that he would testify in Walker's defense;

(6) the prosecutor violated Brady by failing to disclose statements made by Diana Dayton to Officer Guidry, in which Dayton falsely claimed that Walker had sexually assaulted her;

(7) he has newly discovered evidence of his actual innocence that was unavailable at trial, including affidavits from witnesses who say Dayton told them that she was being forced to give false testimony against Walker in exchange for a "lenient plea agreement";

(8) he was denied effective assistance of counsel when his trial attorney failed to:

    (a) investigate and discover Dayton's false claim of sexual assault;

    (b) call as a witness co-defendant Raleigh Hall, who would have testified that he did not know Walker and had not committed any robbery with him;

      (c)    investigate and discover that Officer Guidry had not met with the complainant (Leon) to conduct a photo-spread on December 7, 2004, as she falsely claimed in her testimony during the suppression hearing;

      (d)    investigate and discover Dayton's medical records and false allegations of sexual assault by Walker;

      (e)    request a jury instruction on the State's "excessive use of unadjudicated extraneous offenses";

      (f)    investigate and discover that a "DEA hat" reportedly worn by Walker during the robbery actually belonged to State's witness Keith Drury, who was ordered to leave the courthouse by the prosecutor without disclosing this information to defense counsel; and

(9)    he was denied effective assistance of counsel on appeal when his attorney ignored evidence and meritorious arguments presented during his motion for new trial and filed an *Anders* brief, alleging that there were no grounds for appeal.[28]

After this court requested an answer to the Petition,[29] the respondent provided records showing that Walker's State Habeas Application was summarily "denied without written order" by the Texas Court of Criminal Appeals on March 17, 2021.[30] Walker, who was then given the opportunity to file additional briefing about his claims, filed a Memorandum of Law in Support of Habeas Corpus

---

[28]*Id.* at 6-7, 12-20.

[29]Order and Request for Answer, Docket Entry No. 3.

[30]State Court Records, Postcard Notification from Clerk Deana Williamson of the Texas Court of Criminal Appeals in WR-26,709-02, Docket Entry No. 31-1, pp. 1-3.

-12-

28 U.S.C. § 2254 ("Petitioner's Memorandum"), which includes argument and exhibits from the state court record.[31]

The respondent argues that claims 1, 3, 4, 8(a)-(d), and 8(f) should be dismissed with prejudice as unexhausted and procedurally barred unless Walker shows that an exception applies.[32] The respondent argues further that claims 2, 5, 6, 7, 8(e), and 9 should be dismissed with prejudice because Walker is not entitled to relief under the deferential federal habeas corpus standard of review that applies to claims which have been adjudicated on the merits in state court.[33]

Walker does not dispute that claim 1 is unexhausted, but he argues that dismissing this claim would be unfair in light of the state court's lengthy delay, which has caused significant prejudice in the form of lost or destroyed evidence and witnesses that are now missing.[34] Walker acknowledges that several other claims are unexhausted although many of the supporting facts were raised in connection with other legal theories that were presented on state habeas review.[35] Walker argues that he was falsely accused of committing aggravated robbery and that he was denied a fair hearing

---

[31]Petitioner's Memorandum, Docket Entry No. 22.

[32]Respondent's MSJ, Docket Entry No. 32, pp. 9, 12-17.

[33]Id. at 17-34.

[34]Petitioner's Motion to Stay, Docket Entry No. 35, p. 16.

[35]Id. at 17-20.

or an evidentiary proceeding to develop facts in support of his claims in state court.[36] Noting that the statute of limitations has now expired, Walker asks the court to stay and abate this proceeding while he pursues further review in state court so that he will not be prevented from having his claims heard in federal court.[37] Alternatively, Walker seeks an extension of time to file a response to the Respondent's MSJ.[38]

## II.  Discussion

Unless a petitioner can demonstrate that there is an absence of an available state corrective process or that circumstances exist that render such process ineffective to protect his rights, a federal court may not grant habeas corpus relief to a state prisoner unless he "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A)-(B).  The Supreme Court has held that "total exhaustion" of all claims is required to "encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."  Rose v. Lundy, 102 S. Ct. 1198, 1203 (1982); see also Ries v. Quarterman, 522 F.3d 517, 523 (5th Cir. 2008) ("The exhaustion requirement 'is not jurisdictional, but reflects a policy of federal-state comity designed to give the

---

[36]Id. at 21-22.

[37]Id. at 25-28.

[38]Id. at 28.

State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'") (citations omitted).

To satisfy the exhaustion requirement a petitioner must present his claims in a procedurally proper manner to the highest court of criminal jurisdiction in the state, which in Texas is the Texas Court of Criminal Appeals. See O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1731-34 (1999); Richardson v. Procunier, 762 F.2d 429, 432 (5th Cir. 1985). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." Anderson v. Harless, 103 S. Ct. 276, 277 (1982). Likewise, the exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition." Anderson v. Johnson, 338 F.3d 382, 386 (5th Cir. 2003). A state prisoner is required "to present the state courts with the same claim he urges upon the federal courts." Picard v. Connor, 92 S. Ct. 509, 512 (1971).

Walker acknowledges that his Petition contains a mix of both exhausted and unexhausted claims.[39] Where a petition contains exhausted and unexhausted claims that are interrelated, as several of Walker's claims appear to be, the general rule is to dismiss the mixed petition so that the petitioner may return to state court for

---

[39]Petitioner's Motion to Stay, Docket Entry No. 35, pp. 16-20.

exhaustion of all his claims. Rose, 102 S. Ct. at 1204 (citations omitted). The Supreme Court has acknowledged, however, that the one-year statute of limitations on federal habeas review means that "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 125 S. Ct. 1528, 1533 (2005). Recognizing the "gravity of this problem," the Supreme Court has held that a stay for purposes of allowing a petitioner to return to state court may be granted in "limited circumstances." Id. at 1534 and 1535. To earn a stay, the petitioner must show good cause for his failure to exhaust. Id. at 1535. He must also show that his unexhausted claims are not "plainly meritless." Id.

Walker argues that a stay is appropriate under Rhines because the statute of limitations on federal review has run and he will not be able to return to federal court if his unexhausted claims are dismissed.[40] As good cause for his failure to properly

---

[40] Petitioner's Motion to Stay, Docket Entry No. 35, pp. 27-28. Walker's conviction became final when the Supreme Court denied his petition for a writ of certiorari on October 1, 2007. See Walker v. Texas, 128 S. Ct. 64 (2007). The statute of limitations on federal habeas corpus review began to run on that date and would have expired one year later. See 28 U.S.C. § 2244(d)(1)(A). Giving Walker the benefit of the prison mailbox rule, his State Habeas Application that was executed September 19, 2008, and stamped as received by the Harris County District Clerk's Office on October 2, 2008, the limitations period was suspended for over a decade until the Texas Court of Criminal Appeals denied relief without a written order on March 17, 2021, after his federal Petition was filed. See 28 U.S.C. § 2244(d)(2). Thus, Walker's time to seek federal review has expired.

articulate his claims on state habeas corpus review, Walker references his ignorance of the law as a *pro se* litigant.[41] Walker, who provides numerous affidavits and other exhibits along with a detailed briefing in support of his Petition, makes a compelling argument that his unexhausted claims are not plainly meritless.[42] Although there has been lengthy delay in this case, the record discloses that most of the delay is attributable to the State, which took over ten years to file an answer to the State Habeas Application. The Supreme Court has stated that if a petitioner has demonstrated good cause for his failure to exhaust and his unexhausted claims are potentially meritorious, it would be an abuse of discretion for a district court to deny a stay. Rhines, 125 S. Ct. at 1535.

The court agrees that Walker meets the criteria for a stay and notes that the respondent has not opposed his request.[43]

---

[41] Petitioner's Motion to Stay, Docket Entry No. 35, pp. 2, 17.

[42] The respondent has argued that Walker's unexhausted claims are now procedurally barred because he cannot return to state court and file a second habeas application. See Respondent's MSJ, Docket Entry No. 32, pp. 12-17. Although Texas places limits on the number of times an applicant can pursue state habeas review, see Tex. Code Crim. Proc. Art. 11.07, § 4, this poses no barrier to granting a stay. The Fifth Circuit has recognized that the state courts should consider in the first instance whether a petitioner's unexhausted claims can proceed in a successive state habeas action. See Wilder v. Cockrell, 274 F.3d 255, 262-63 (5th Cir. 2001) ("[B]ecause it is not entirely clear that Texas' subsequent-application bar would prohibit consideration of [the petitioner's] claim, Texas courts should make that determination.").

[43] The respondent did not file a response to Petitioner's Motion to Stay. Under this court's Local Rule 7.4, a failure to respond to a motion is "taken as a representation of no opposition." S.D. TEX. R. 7.4.

Accordingly, the court will grant Petitioner's Motion to Stay, subject to the following restrictions: Walker must diligently pursue state habeas corpus review of his unexhausted claims and must file any written motion to reinstate this case within 40 days from the date that the Texas Court of Criminal Appeals issues a final ruling on any new state habeas application that he has filed. Alternatively, within 40 days of the date of this Memorandum Opinion and Order Walker may file a motion to reinstate this case that includes either (1) an amended federal habeas corpus petition that voluntarily dismisses his unexhausted claims; or (2) a response to Respondent's MSJ that includes a showing that his lack of exhaustion should be excused due to the State's inordinate delay in processing the State Habeas Application that he filed in 2008. See Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993) (holding, in a pre-AEDPA case, that "the exhaustion doctrine will not be applied when the state system inordinately and unjustifiably delays review of a petitioner's claims so as to impinge upon his due process rights") (citations omitted); see also Williams v. Stephens, 620 F. App'x 348, 349 (5th Cir. 2015) (per curiam) (unpublished) (noting that pre-AEDPA cases excusing exhaustion where state courts have delayed ruling on a state habeas application for more than a year "has never been overruled, and we have continued to apply it in unpublished opinions after AEDPA's enactment") (citations omitted).

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Petitioner's Motion to Suspend/Stay Briefing Deadlines (Docket Entry No. 35) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Bruce Wayne Walker (Docket Entry No. 1) is **STAYED** until further notice.

3. To reinstate this case, Walker must diligently pursue state habeas corpus review of his unexhausted claims and must file any written motion to reinstate within 40 days from the date that the Texas Court of Criminal Appeals issues a final ruling on any new state habeas application that he has filed. Alternatively, within 40 days of the date of this Memorandum Opinion and Order Walker may file a motion to reinstate that includes either (1) an amended federal habeas corpus petition which voluntarily dismisses his unexhausted claims; or (2) a response to Respondent's Motion for Summary Judgment that includes a showing that his lack of exhaustion should be excused due to the State's inordinate delay in processing the State Habeas Application that he filed in 2008.

4. Respondent's Motion for Summary Judgment (Docket Entry No. 32) is **DENIED without prejudice** to being re-urged or amended after the case is reinstated.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 22nd day of June, 2022.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE